FILED
SUPERIOR COURT
OF GUAM

2019 SEP 12 PM 1: 11

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | )    **Criminal Case No. CF0362-19** |
| | )    GPD Report No. 19-18162 |
|            Plaintiff, | ) |
|       v. | ) |
| | )    **DECISION AND ORDER** |
| **JEAN SIPIA,** | ) |
| DOB: 10/12/1974 | ) |
| | ) |
|            Defendant. | ) |

This matter came before the Honorable Alberto C. Lamorena, III on August 23, 2019 based on a submission by Defendant Jean Sipia ("Defendant") of a Motion to Suppress. Defendant is represented by Assistant Public Defender Earl Espiritu and the People of Guam are represented by Assistant Attorney General Peter Santos. After considering the filings of the parties, and the applicable law, the Court now issues this Decision and Order granting the Defendant's motion.

On June 24, 2019 around midnight, Guam Police Department ("GPD") officers were responding to an unrelated disturbance in Asan. (Magistrate's Complaint at Decl., Jun. 25, 2019). While at the scene, officers noticed a vehicle motoring in their direction and ran the vehicle registration. *Id.* The registration came back expired, at which point the officers effectuated a traffic stop. *Id.* Officers approached the vehicle operator, the Defendant, and

observed that the Defendant exhibited the common signs of intoxication. *Id.* The Defendant agreed to perform a Standard Field Sobriety Test, which she failed. *Id.* Defendant was subsequently arrested and later indicted for the offenses of Driving While Impaired with Child on Board (as a Third Degree Felony), Driving While Impaired (as a Misdemeanor), and Reckless Conduct (as a Misdemeanor). *Id.*; (Indictment, Jul. 12, 2019).

On August 23, 2019 the Defendant filed a motion to suppress all evidence obtained as a result of the traffic stop. (Mot. Suppress, Aug. 23, 2019). The People subsequently filed a non-opposition to the motion, stating that the initial vehicle stop was unwarranted. (People's Non-Opposition, Aug. 28, 2019).

The Fourth Amendment of the United States Constitution, as made applicable to Guam through the Organic Act of Guam, guarantees that the people of Guam will be free from unreasonable searches and seizures by the government. *People v. Chargualaf*, 2001 Guam 1 ¶ 14; 48 U.S.C. § 1421b(c). The Fourth Amendment further provides that where evidence is obtained as a result of an unconstitutional search or seizure, that such evidence cannot be used against a person in a subsequent prosecution. *Mapp v. Ohio*, 367 U.S. 643, 655-56, 81 S. Ct. 1684 (1961). The presumption is that a warrantless search and seizure is unreasonable. *Chargualaf*, 2001 Guam 1 ¶ 14. A warrantless stop of a vehicle is reasonable where the police have reasonable suspicion that the driver has committed a traffic violation. *Id.* ¶ 17 (citing *United States v. Lopez Soto*, 205 F.3d 1101, 1104-05 (9th Cir. 2000)).

In the presented case before the Court, the People admit, and the Court agrees, that the officers present at the scene had no reasonable suspicion to run the vehicle's registration and subsequently effectuate a traffic stop. (People's Non-Opposition, Aug. 28, 2019) The Declaration attached to the Magistrate's Complaint states that officers were in the area on an

unrelated call when they simply observed the Defendant's vehicle motoring towards them. (Magistrate's Complaint at Decl.). The vehicle was not swerving in the road or otherwise making illegal traffic maneuvers, nor did the officers state that they observe anything that would suggest that the vehicle's registration was expired. *See id*; (*see also* Mot. Suppress at 2). Based on the forgoing evidence and the People's admission that the traffic stop was unlawful, the Court finds that the officers did not have reasonable suspicion that the Defendant was engaged in ongoing criminal activity or committing a traffic violation. As such, the traffic stop of the Defendant was a violation of her Fourth Amendment rights and all evidence obtained as a result of the traffic stop must be suppressed at trial. *Mapp*, 367 U.S. at 655-56.

For the reasons stated above, the Court hereby **GRANTS** the Defendant's Motion to Suppress. The Court will hold a pre-trial conference on November 19, 2019 at 3:00 p.m.

**IT IS SO ORDERED** on this 12th day of September, 2019.



HONORABLE ALBERTO C. LAMORENA III
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: PDX

Date: 9/12/19  Time: 2pm

People v. Superior Court of Guam